# EXHIBIT 2

FILED
2016-DCL-03323
5/19/2016 12:30:54 PM
Eric Garza
Cameron County District Clerk
By Beatriz Losoya Deputy Clerk
10719505

2016-DCL-03323

**CAUSE NUMBER** _____

| | | |
|---|---|---|
| **JOSUE C. GUTIERREZ** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiffs,** | § | Cameron County - 103rd District Court |
| | § | |
| **vs.** | § | _____ **JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **STATE FARM LLOYDS, INC.** | | |
| **Defendant** | § | **CAMERON COUNTY, TEXAS** |

---

### PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **JOSUE C. GUTIERREZ** (hereinafter referred to as ("PLAINTIFF"), and file their first Original Petition against DEFENDANT, **STATE FARM LLOYDS, INC.** for cause of action would respectfully show the Court the following:

#### I.       Discovery

Pursuant to rule 190 of the Texas Rules of Civil Procedure, PLAINTIFF intend to conduct discovery under Level 3.

#### II.      Service of Process

Defendant, **STATE FARM LLOYDS, INC.** may be served with process by serving citation and a copy of this Original Petition by Certified Mail Return Receipt Requested on its agent for service: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620  AUSTIN, TEXAS 78701 – 3218.

**STATE FARM LLOYDS, INC.** is in the business of insurance in the State of Texas. The insurance business done by **STATE FARM LLOYDS, INC.** in Texas includes, but is not limited to the following:

1. The making and issuing of contracts of insurance with the PLAINTIFF;

2. The taking or receiving of application for insurance, including the PLAINTIFF' application for insurance;

3. The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the PLAINTIFF;

4. The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the PLAINTIFF;

5. The adjusting and inspection of PLAINTFF' insurance claims;

6. Making insurance coverage decisions;

7. Taking part in making insurance coverage decisions; and

8. Making representations to PLAINTIFF as being an agent for an insurance company with authority to make coverage decisions;

### III.    Jurisdiction and Venue

Venue of this action is proper in CAMERON County, Texas because: the policy at issue was issued and delivered in CAMERON County, Texas; the property insured is situated in CAMERON County, Texas; PLAINTIFFS' losses occurred in CAMERON County, Texas, and all or part of the events made the basis of this lawsuit and giving rise to PLAINTIFFS' claims and causes of action occurred in CAMERON County, Texas.

### IV. Facts

**STATE FARM LLOYDS, INC.** and/or its agents committed the actions alleged by PLAINTIFF in this complaint. PLAINTIFF owns the property located at: 1488 ALTA MESA BLVD., BROWNSVILLE TEXAS 78526-1211. POLICY NO.83-JO-6095-7 , CLAIM NO.53-5T25-622 AND 53-862Z-149 AND 53-862Z-027. **STATE FARM LLOYDS, INC.** provided coverage to the PLAINTIFF for such building, personal property, and other matters under **STATE FARM LLOYDS, INC.** insurance POLICY NO.83-J0-6095-7 . During the term of said policy, PLAINTIFF sustained covered losses in the form of multiple windstorm/hailstorm events including the windstorm of **JUNE 2, 2014** in CAMERON County, and water damages resulting there from, including damage to the architectural finishes of the property. PLAINTIFF promptly reported losses to **STATE FARM LLOYDS, INC.** pursuant to the terms of the insurance policy. As a result, PLAINTIFFS' property sustained damage, including the cost of destruction and restoration of the property necessary to access and fix the damaged areas. These are covered damages under PLAINTIFFS' insurance policy with **STATE FARM LLOYDS, INC.** PLAINTIFF have been damaged in an amount in excess of the minimum jurisdictional limits of this Court, including injuries sustained as a result of having conduct business during the pendency of **STATE FARM LLOYDS, INC'S.** conduct.

### V. Conditions Precedent

All notices and proofs of loss were timely and properly given to **STATE FARM LLOYDS, INC.** in such manner as to fully comply with the terms and conditions of the relevant insurance policies or other contracts and applicable law. More than sixty days prior to the filing of this suit, written demand for payment and notice of complaint pursuant to Texas Insurance Code, section 541 and Business and Commerce Code section 17.505(a), was sent to **STATE**

---

Plaintiff's Original Petition                                                      Page 3

**FARM LLOYDS, INC..** All of the conditions precedent to bring about this suit under the insurance policy have occurred. Despite the fact that all conditions precedent to PLAINTIFF recovery has occurred and/ or has been performed, **STATE FARM LLOYDS, INC.** has failed and refused to pay PLAINTIFF a just amount in accordance with their contractual obligations, agreements, and representations.

VI. Breach of Contract

PLAINTIFFS purchased an insurance policy with **STATE FARM LLOYDS, INC.**). PLAINTIFFS' property was damaged by windstorm and water damage, of which are covered under the insurance policy. **STATE FARM LLOYDS, INC.** has denied and/or delayed payment of PLAINTIFFS' covered claims. **STATE FARM LLOYDS, INC.** has no reasonable basis for denying, delaying, or failing to pay PLAINTIFFS' claim for damages. **STATE FARM LLOYDS, INC.** knew or should have known that there was no such reasonable basis to deny, delay, and failure to pay such claim. The conduct of **STATE FARM LLOYDS, INC.** was irresponsible, and unconscionable. **STATE FARM LLOYDS, INC.** took advantage of the PLAINTIFFS' lack of sophistication in insurance and construction matters to a grossly unfair degree. **STATE FARM LLOYDS, INC. STATE FARM LLOYDS, INC.** has, by its conduct, breached its contract with the PLAINTIFFS. The conduct of **STATE FARM LLOYDS, INC.** has proximately caused the injuries and damages to the PLAINTIFF.

VII.  Second Cause of Action: DTPA Violations

PLAINTIFF is a consumers entitled to relief under the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"). By its conduct outlined above, **STATE FARM LLOYDS, INC.** has engaged in the following violations of the DTPA which, together and separately, has been a producing cause of PLAINTIFFS' damages:

---

Plaintiff's Original Petition                                                                    Page 4

(a)  **STATE FARM LLOYDS, INC.** made false representations about PLAINTIFFS' rights, remedies and obligations under the policies at issue. These statements were a misrepresentation of the insurance policies and their benefits in violation of §§17.46(b)(5), (7), (12) and (14), Texas Business & Commerce Code;

(b)  **STATE FARM LLOYDS, INC.** actions constitute an unconscionable course of conduct entitling PLAINTIFF to relief under §17.50(a)(1), (2), (3), and (4) of the Texas Business & Commerce Code;

(c)  **STATE FARM LLOYDS, INC.** failed to disclose information to PLAINTIFFS concerning the nature and extent of their insurance policy which was known by **STATE FARM LLOYDS, INC.** at the time for the purpose of inducing PLAINTIFF into transactions which he would not have otherwise entered in violation of section 17.46(b)(9) and (23), Texas Business and Commerce Code;

(d)  As described above, **STATE FARM LLOYDS, INC.** violated Chapter 541, Texas Insurance Code, entitling PLAINTIFF to relief under section 17.50(a)(4), Texas Business and Commerce Code.

    **STATE FARM LLOYDS, INC.** took advantage of PLAINTIFFS' lack of knowledge in construction and insurance claims processes, misrepresented losses covered under the insurance policy, and failed to disclose pertinent information regarding damages to the PLAINTIFFS' property. **STATE FARM LLOYDS, INC.** conduct as described herein was a producing cause of damages to PLAINTIFF for which PLAINTIFF sue. The conduct of **STATE FARM LLOYDS, INC.** was more than just a mistake and was done "knowingly" and/or "intentionally" as that term is derived by statue. Because of that, **STATE FARM LLOYDS, INC.** may be subject to liability for additional damages under the Texas Deceptive Trade

Plaintiff's Original Petition                                                      Page 5

Practices Act. PLAINTIFF seek an award of additional damages under the DTPA in an amount not to exceed three times the amount of economic damages.

VIII.    Unfair Insurance Practices

**STATE FARM LLOYDS, INC.** failed to inform PLAINTIFFS of material facts such as the true scope of damage and cost to repair. **STATE FARM LLOYDS, INC.** failed to properly process claims and have misrepresented material facts to the PLAINTIFF. **STATE FARM LLOYDS, INC.** has failed to address all damage to the property and its contents causing further damage to the PLAINTIFF. Further, **STATE FARM LLOYDS, INC.** has intentionally failed to fully investigate the loss; failed to properly convey all information to PLAINTIFF; and has intentionally ignored damages to the dwelling. PLAINTIFFS' property suffered from covered losses and damages of which **STATE FARM LLOYDS, INC.** are fully aware. **STATE FARM LLOYDS, INC.** has concealed damage known by them to exist. **STATE FARM LLOYDS, INC.** has known about covered windstorm and water damages but has failed to perform proper testing and concealed facts from PLAINTIFF about the damages, ignoring PLAINTIFFS' pleas for help. **STATE FARM LLOYDS, INC.** has failed to warn PLAINTIFF of consequential damage to their property.

By its conduct outlined above, **STATE FARM LLOYDS, INC.** committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the statutes, rules and regulations incorporated therein. **STATE FARM LLOYDS, INC.** committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

(1)    **STATE FARM LLOYDS, INC.** failed to, with good faith, effectuate a prompt, fair, and equitable settlement of the PLAINTIFFS' claims once liability became reasonable

---

Plaintiff's Original Petition             Page 6

clear (Tex. Ins. Code Ann. 541.060(a)(2)(A); Tex. Ins. Code Ann. 542.003(b)(4); 28 TAC section 21.203(4));

(2) **STATE FARM LLOYDS, INC.** failed to provide promptly to PLAINTIFF a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for denial of the claim or for the offer of a compromise settlement of the claim (Tex. Ins. Code Ann. 541.060(a)(3); 28 TAC section 21.203(9));

(3) **STATE FARM LLOYDS, INC.** refused to pay a claim without conducting a reasonable investigation with respect to that claim (Tex. Ins. Code Ann. 541.060(a)(7); TAC section 21.203(15));

(4) **STATE FARM LLOYDS, INC.** breached its duty of good faith and fair dealing at common law;

(5) **STATE FARM LLOYDS, INC.** failed within a reasonable time to affirm or deny coverage of a claim to a policyholder (Tex. Ins. Code Ann. 541.060(a)(4)(A); 28 TAC section 21.203(10));

(6) **STATE FARM LLOYDS, INC.** failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies (Tex. Ins. Code Ann. 542. 003(b)(3); 28 TAC section 21.203(3));

(7) **STATE FARM LLOYDS, INC.** compelled PLAINTIFF to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder (Tex. Ins. Code Ann. 542.003(b)(5); 28 TAC section 21.203(6);

(8) **STATE FARM LLOYDS, INC.** violated the Prompt Payment of Claims Statute (28 TAC section 21.203(18));

Plaintiff's Original Petition                                                                 Page 7

(9)  **STATE FARM LLOYDS, INC.** undertook to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a doubtful or disputed claim (Tex. Ins. Code Ann. 541.060(a)(6); 28 TAC section 21.203(13));

(10)  **STATE FARM LLOYDS, INC.** committed the following unfair methods of competition or deceptive acts or practices in the business of insurance in violation of Texas Insurance Code and the Texas Administrative Code by:

    (a)  **STATE FARM LLOYDS, INC.** made, issued or circulated or caused to be made, issued or circulated an estimate, illustration, circular or statement misrepresenting with respect to the policy issued or to be issued:

        (i)  the terms of the policy; and/or

        (ii)  the benefits or advantages promised by the policy.

    (b)  **STATE FARM LLOYDS, INC.** made an untrue statement of material fact (Tex. Ins. Code Ann. 541.060(a)(1); 28 TAC section 21.203(1));

    (c)  **STATE FARM LLOYDS, INC.** failed to state a material fact necessary to make other statements made not misleading considering the circumstances under which statements were made; and

    (d)  **STATE FARM LLOYDS, INC.** made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.

    (e)  Refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically

---

Plaintiff's Original Petition                             Page 8

provided in the policy (Tex. Ins. Code Ann 541.060(a)(5); 28 TAC section 21.203(11); and

(f) Failing to respond promptly to a request by a claimant for personal contact about or review of the claim (28 TAC section 21.203(16)).

**STATE FARM LLOYDS, INC.** conduct as described herein was a producing cause of damages to PLAINTIFFS for which it sues.

IX. Breach of the Duty of Good Faith and Fair Dealing

From and after the time the PLAINTIFFS' claim was presented to **STATE FARM LLOYDS, INC.** liability to pay the claim in accordance with the terms of insurance policies referenced above has been reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny and/or delay payment for PLAINTIFFS' claim, **STATE FARM LLOYDS, INC.** refused to accept the claim in totality and pay the PLAINTIFF as the policy required. At that time, **STATE FARM LLOYDS, INC.** knew or should have known by the exercise of reasonable diligence that their liability was reasonably clear. **STATE FARM LLOYDS, INC.** failed to conduct a reasonable and proper inspection of the claim and refused to rely on the true facts, resorting instead to producing faulty, incomplete and biased reasons to avoid paying a valid claim. This constitutes failing to handle or process the PLAINTFFS' claim in good faith, an affirmative duty placed on the Defendant, as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau*, 754 S.W.2d 129 at 135 (Tex. 1988). Through the actions described above, **STATE FARM LLOYDS, INC.** breached its duty to deal fairly and in good faith with the PLAINTIFF. **STATE FARM LLOYDS, INC.** breach was a proximate cause of the losses, expenses and damages suffered by the PLAINTIFF for which he sues.

---

X.   Texas Insurance Code 542, Subchapter B Delay in Payment

PLAINTIFF gave prompt notice of their claim to **STATE FARM LLOYDS, INC.** has engaged in unfair settlement claim practices as discussed above and denied and/or has delayed payment on PLAINTIFFS claim. **STATE FARM LLOYDS, INC.** reliance on reports and estimates from its adjusters and investigating adjusters has been "merely pretextual" and unreasonable. **STATE FARM LLOYDS, INC.** investigation and use of adjusters' reports was an "outcome oriented investigation." **STATE FARM LLOYDS, INC.** failed to comply with the requirements of Chapter 542 listed herein:

(a)   Failing to notify PLAINTIFF in writing, within 15 business days after receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and/or

(b)   Failing to pay PLAINTIFFS' claim within 60 days of receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and

(c)   Failing to request all of the items, statements and forms the Defendant reasonably believed at the time would be required from PLAINTIFF to pay the claim within 15 days after receiving notice of the claim.

Pursuant to Texas Insurance Code Chapter 542, Subchapter B, PLAINTIFF is entitled to recover from **STATE FARM LLOYDS, INC.** the statutory penalty of 18% per annum on all amounts due on PLAINTIFFS' claim, together with attorney's fees, for which they sue.

XI.

Plaintiff's Original Petition                                                                  Page 10

PLAINTIFF allege that as to any terms, conditions, notices, or requests under the insurance contract, PLAINTIFF has substantially complied and/or is excused. In the alternative, PLAINTIFF makes the allegation of waiver and/or estoppel as to every defense or exclusion plead by **STATE FARM LLOYDS, INC.** as to any exclusion, condition, or defense pled by **STATE FARM LLOYDS, INC.**, PLAINTIFF would show that:

1. The clear and unambiguous language of the policy provides coverage for dwelling damage caused by windstorm and water damage, including the cost of access to fix the damaged areas. Any other construction of the language of the policy is void as against public policy;

2. Any other construction and its use by **STATE FARM LLOYDS, INC.** violates section 541 and 542 of the Texas Insurance Code and are void as against public policy;

3. Any other construction violates Art. 17.50 of the Texas Business and Commerce Code, is unconscionable, was procured by fraudulent inducement, and is void as against public policy;

4. Any other construction is otherwise void as against public policy, illegal, and volatiles state law and administrative rule and regulation;

5. The adoption of any other construction constitutes wrongful or bad faith cancellation and/or refusal to renew a portion of PLAINTIFFS' predecessor policy with **STATE FARM LLOYDS, INC.** In this regard, PLAINTIFF would show that their insurance policy was renewed uninterrupted for many years; and

614406533WPSD4XNB Received 5/23/2016 10:32:41 AM [Central Daylight Time]

6. The adoption of any other construction constitutes conduct in violation of the laws of this state, including section 541 and 542 of Texas Insurance Code is void as against public policy.

If this Court finds any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by PLAINTIFF. In the alternative, **STATE FARM LLOYDS, INC.** is judicially, administratively, or equitably estopped from denying PLAINTIFFS' construction of the policy coverage at issue. To the extent that the wording of such policy does not reflect the true intent of all parties thereto, PLAINTIFF pleads the doctrine of mutual mistake requiring reformation.

### XII.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF respectfully request this Honorable Court for the following relief: That upon final hearing and trial hereof, this Honorable Court grant to the PLAINTIFF such relief as to which they may show themselves justly entitled, either at law or in equity; either general or special, including declaratory judgment, judgment against the defendant for actual attorney's fees, cost of suit, mental anguish, DTPA violations, Texas insurance code violations, statutory penalties, and prejudgment and post judgment interest, including judgment for additional damages and punitive damage under the facts set forth in this or any amended pleading in exceeding the minimal jurisdicted limits of the court.

### XIII.   JURY DEMAND

PLAINTIFF request this Court empanel a jury to sit in the trial of this matter. The requisite jury fee will be paid as required by law.

---

Plaintiff's Original Petition                                                    Page 12

## XIV. REQUEST FOR DISCLOSURE

Under Texas Rule of Civil Procedure 194, PLAINTIFF request that **STATE FARM LLOYDS, INC.** disclose, within 50 days of the service of this request, the information or material described in Texas Rule of Civil Procedure 194.

Respectfully submitted,

**Law Office of Rudy Wattiez**
2118 N. Main, Suite 102
San Antonio, Texas 78212
Telephone: (210) 320-9284
Facsimile: (210) 320-9286

**RUDY WATTIEZ**
State Bar No. 24037682
r_wattiez@yahoo.com

*ATTORNEY FOR JOSUE C. GUTIERREZ*

ERIC GARZA
DISTRICT CLERK
974 E HARRISON ST
BROWNSVILLE, TX 78520-7123



9214 8901 0661 5400 0087 1143 99

**Return Receipt (Electronic)**

**2016-DCL-3323-D**

STATE FARM LLOYDS, INC
CORPORATION SERVICE COMPANY DBA CSC LAWYERS INCORPORATING SERVICE
SUITE 620
211 E 7TH STREET
BROWNSVILLE, TX 78701-3218

········································· CUT / FOLD HERE ·········································

| 2016-DCL-03323-D | 103rd District Court |
|---|---|
| JOSUE C. GUTIERREZ vs. STATE FARM LLOYDS, INC. | |

### RETURN OF SERVICE

#### CERTIFICATE OF DELIVERY BY FIRST CLASS MAIL / CERTIFIED MAIL
NEXT ENVELOPE
CUT / FOLD HERE

Came to hand **on this the 6th day of June, 2016** I hereby certify that on **June 06, 2016**, I mailed to **STATE FARM LLOYDS, INC.  Corporation Service Company dba CSC Lawyers Incorporating Servic  211 E 7th Street  Suite 620  Austin TX  78701-3218** by **FIRST CLASS MAIL / CERTIFIED MAIL (WITH DELIVERY RESTRICTED TO ADDRESSEE ONLY, RETURN RECEIPT REQUESTED)**, a true copy of this CITATION with a copy of the **Plaintiffs' Original Petition and Request for Disclosure** attached hereto.

Eric Garza
District Clerk
Cameron County, Texas

By _____
**Teodula Garza, Deputy Clerk**

PDF created with pdfFactory Pro trial version www.pdffactory.com

| CITATION BY CERTIFIED/REGULAR MAIL |
| --- |

# THE STATE OF TEXAS

## 2016-DCL-03323-D

TO     **STATE FARM LLOYDS, INC.**
**Corporation Service Company dba CSC Lawyers Incorporating Service Company**
**211 E 7th Street**
**Suite 620**
**Austin TX  78701-3218**

| | | |
| --- | --- | --- |
| **JOSUE C. GUTIERREZ** | § | IN THE 103RD DISTRICT COURT |
| VS | § | OF |
| **STATE FARM LLOYDS, INC.** | § | CAMERON COUNTY, TEXAS |

**NOTICE TO DEFENDANT:  "You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you."** *TRCP. 99*

You are hereby commanded to appear by filing a written answer to **Plaintiffs' Original Petition and Request for Disclosure** at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable 103rd District Court of Cameron County, at the Courthouse in said County in Brownsville, Texas. Said **Plaintiffs' Original Petition and Request for Disclosure** was filed in said court on **May 19, 2016**, in the above entitled cause.

The File Number of Suit Being:    **2016-DCL-03323-D**
The Style of the Case is:          **JOSUE C. GUTIERREZ vs. STATE FARM LLOYDS, INC.**

The nature of Petitioner's demand is fully shown by a true and correct copy of **Plaintiffs' Original Petition and Request for Disclosure** accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Brownsville, Texas, on this the 6th day of June, 2016.

ATTORNEY:
**RUDY RAUL WATTIEZ**
**2118 N Main Suite 102**
**San Antonio TX  78212**

**PHONE: 210-320-9284**

Eric Garza
District Clerk
Cameron County, Texas

By
Teodula Garza, Deputy Clerk

PDF created with pdfFactory Pro trial version www.pdffactory.com

PDF created with pdfFactory Pro trial version www.pdffactory.com



**UNITED STATES**
**POSTAL SERVICE**

FILED ___ o'clock ___ M
**ERIC GARZA** - DISTRICT CLERK

JUN 16 2016

Date: June 10, 2016

DISTRICT COURT OF CAMERON COUNTY, TEXAS
By _____ Deputy

MAIL MAIL:

The following is in response to your June 10, 2016 request for delivery information on your Certified Mail™/RRE item number 92148901066154000087114399.  The delivery record shows that this item was delivered on June 10, 2016 at 9:32 am in AUSTIN, TX 78744. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :



Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

The customer reference information shown below is not validated or endorsed by the United States Postal Service.  It is solely for customer use.

Reference ID: 92148901066154000087114399
2016-DCL-3323-D
STATE FARM LLOYDS, INC
CORPORATION SERVICE COMPANY DBA CSC LAWYERS
INCORPORATING SERVICE
SUITE 620
211 E 7TH STREET
BROWNSVILLE , TX  78701-3218

PDF created with pdfFactory Pro trial version www.pdffactory.com

FILED
2016-DCL-03323
6/23/2016 2:01:50 PM
Eric Garza
Cameron County District Clerk
By Teodula Garza Deputy Clerk
11303051

## CAUSE NO. 2016-DCL-03323

| | | |
|---|---|---|
| **JOSUE GUTIERREZ,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **103rd JUDICIAL DISTRICT** |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| **Defendant.** | § | |
| | § | **CAMERON COUNTY, TEXAS** |

## DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

NOW COMES Defendant **STATE FARM LLOYDS** and files Defendant's Original Answer to Plaintiff's Original Petition and would show the court as follows:

### I.
### GENERAL DENIAL

Reserving the right to file other further pleadings, exceptions and/or denials, Defendant generally denies each and every material allegation contained in Plaintiff's Original Petition and demands strict proof thereof in accordance with the law and the Rules of Civil Procedure of the State of Texas.

### II.
### REQUEST FOR DISCLOSURE

Under the authority of Texas Rule of Civil Procedure 194, Defendant **STATE FARM LLOYDS** requests that Plaintiff disclose, within 30 days of the service of this request, the information or material described in Rule 194.2.

### III.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant **STATE FARM LLOYDS** requests judgment of the Court that Plaintiff take nothing by this suit, and that Defendant be awarded costs and such other and further relief to which it may be justly entitled.

Respectfully submitted,

**ATLAS, HALL & RODRIGUEZ, LLP**
P. O. Drawer 3725
818 Pecan (78501)
McAllen, Texas 78502
(956) 682-5501 – Phone
(956) 686-6109 – Fax

By: ____/s/ *Dan K. Worthington*_____
   Sofia A. Ramon
   Texas Bar No. 00784811
   sramon@atlashall.com
   Dan K. Worthington
   Texas Bar No. 00785282
   dkw@atlashall.com
   Elizabeth Sandoval Cantu
   Texas Bar No. 24013455
   ecantu@atlashall.com

   **Attorneys for Defendant**

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on the 23rd day of June, 2016, a true and correct copy of the foregoing document was sent via facsimile and/or certified mail, return receipt requested, to all counsel of record in this cause, to-wit:

  Rudy Wattiez
  **LAW OFFICE OF RUDY WATTIEZ**
  2118 N. Main, Suite 102
  San Antonio, Texas 78212
  (210) 320-9284 – Phone
  (210) 320-9286 – Fax
  r_wattiez@yahoo.com

      _____/s/ *Dan K. Worthington*_____
      Dan K. Worthington